UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ALEX KOVATSENKO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 23-066-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KENTUCKY COMMUNITY AND | ) | **MEMORANDUM OPINION** |
| TECHNICAL COLLEGE SYSTEM, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Kentucky Community and Technical College System ("KCTCS") has filed a motion to exclude Plaintiff Alex Kovatsenko's proposed expert witnesses. [Record No. 29] The motion will be granted because Kovatsenko failed to comply with the Scheduling Order and failed to tender the required expert reports.

**I.**

The Scheduling Order entered April 12, 2023, instructed that, "[n]o later than **August 25, 2023**, the plaintiff is directed to disclose the identity of expert witnesses who may be used at trial and written reports by the expert witnesses as required by Rule 26(a)(2)." [Record No. 9, ¶ 2] The Scheduling Order also directed that, "at the time expert reports and supplementation of the report are exchanged, at least two proposed dates for the deposition of each expert witness within the following thirty days must be provided." [*Id.* ¶ 3]

In a joint motion filed August 25, 2023, the parties sought to extend Kovatsenko's deadline for disclosing expert witnesses, noting, in relevant part:

> Plaintiff's primary care physicians have explicitly declined participation as expert witnesses in this trial. Consequently, Plaintiff's endeavors have focused on securing alternative expert witnesses, albeit without success thus far. Furthermore, Plaintiff necessitates additional time to locate a willing expert witness for testimony, necessitating an initial assessment of Plaintiff by potential experts.

[Record No. 24, p.2] The undersigned granted the motion, extending Kovatsenko's disclosure deadline until September 15, 2023. [Record No. 25] The Order maintained all other requirements and deadlines of the Scheduling Order, including completion of discovery by November 17, 2023.

Kovatsenko timely submitted an expert disclosure identifying five potential expert witnesses along with a curriculum vitae and a description of the potential testimony offered for each expert. The experts consisted of two behavior analysts, a psychologist, a therapist, and a licensed professional clinical counselor. [Record No. 27] But Kovatsenko's disclosures did not include expert reports and did not provide proposed dates for depositions.

KCTCS filed the instant motion on October 6, 2023, arguing that the expert witnesses should be excluded because neither expert reports nor proposed dates for deposition were provided in violation of Rule 26(a)(2)(B) and the Scheduling Order. [Record No. 29] However, Kovatsenko contends that these experts are "treating physicians" and that he is not required to provide expert reports, pursuant Rule 26(a)(2)(C). He acknowledges that the disclosure inadvertently omitted proposed deposition dates, but states it was a genuine error and reasonably justified.

## II.

District courts have broad discretion to exclude expert witness testimony due to the untimely filing of expert-witness reports and affidavits in violation of scheduling orders. *See*

*Price v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000) (citing *Trilogy Commc'ns. v. Times Fiber Commc'ns*, 109 F.3d 739 (Fed. Cir. 1997)). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1)(C); *see Sexton v. Uniroyal Chem. Co., Inc.*, 62 F. App'x 615, 616 n.1 (6th Cir. 2003) ("[The Sixth] Circuit has established that Rule 37(c)(1) mandates that a trial court sanction a party for discovery violations in connection with Rule 26(a) unless the violations were harmless or were substantially justified.").

"Unless otherwise stipulated or ordered by the court, [expert disclosure] must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case . . . ." Fed. R. Civ. P. 26(a)(2)(B). Only a treating physician not retained for the purpose of providing expert testimony can be deposed or called to testify without first submitting a written report. *See Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 869 (6th Cir. 2007); Fed. R. Civ. P. 26(a) advisory committee's note to 1993 amendment.

**A.**

Kovatsenko asserts that his disclosed experts are "treating physicians" and need only submit a Rule 26(a)(2)(C) disclosure, rather than a more comprehensive report required by Rule 26(a)(2)(B). But as the parties' joint briefings have made clear, these experts were retained specifically for litigating this case: "Plaintiff's primary care physicians have explicitly declined participation as expert witnesses in this trial. . . . Plaintiff necessitates additional time to locate a willing expert witness for testimony . . . ." [Record No. 24, p.2]

Even if these experts were to begin treating Kovatsenko, they would not be absolved of the need to tender expert reports. "Rule 26(a)(2)(B) by its terms provides that a party needs to file an expert report from a treating physician only if that physician was 'retained or specially employed to provide expert testimony.'" *Fielden*, 482 F.3d at 869 (quoting Fed. R. Civ. P. 26(a)(2)(B)). Kovatsenko's expert witnesses were retained for the purpose of providing expert testimony, as such, they were required to submit expert reports, pursuant to Rule 26(a)(2)(B) and this Court's Scheduling Order.

### B.

Having determined that Kovatsenko failed to tender his proposed expert witnesses' required reports, the Court must determine whether that omission was harmless or substantially justified. *See* Fed. R. Civ. P. 37(c)(1). The commentary to Rule 37(c)(1) "strongly suggests that a harmless violation involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 783 (6th Cir. 2003) (quoting *Vaughn v. City of Lebanon*, 18 F. App'x 252, 264 (6th Cir. 2001)) (cleaned up); *see also* Fed. R. Civ. P. 37(c)(1) advisory committee's note to 1993 amendment (providing as an example of harmlessness, "the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties"). The Sixth Circuit has adopted a five-factor balancing test that weighs:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015). "District courts have broad discretion in applying these factors and need not apply each one rigidly. The factors simply lend

themselves to the task at the heart of Rule 37(c)(1): separating honest, harmless mistakes from the type of underhanded gamesmanship that warrants the harsh remedy of exclusion." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *Bentley v. Highlands Hosp. Corp.*, No. 15-cv-97, 2016 WL 5867496, at *10 (E.D. Ky. Oct. 6, 2016) (internal quotations omitted)). The burden of proving harmlessness or substantial justification falls on the potentially sanctioned party. *See R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 272 (6th Cir. 2010).

Kovatsenko has failed to demonstrate that his failure to comply with the requirements of Rule 26 was harmless or substantially justified. The parties' first joint motion to extend Kovatsenko's expert disclosure deadline was filed on August 24, 2023. That motion stated that "Plaintiff has faced challenges in securing an expert witness" and that "[i]n a cooperative gesture, opposing counsel has accepted the suggested extension for Plaintiff's expert witness deadline." [Record No. 22] KCTCS agreed to this extension while informing Kovatsenko that KCTCS's lead counsel would be out of the country for over a week in October. [Record No. 29, p.4]

The joint motion indicated that Kovatsenko was struggling to secure "an" (i.e., one) expert witness. After the agreed 21-day extension, Kovatsenko filed a disclosure identifying not "an" expert, but five. In addition, Kovatsenko disclosed these experts as treating physicians under Rule 26(a)(2)(C), which would limit their testimony to "issues pertaining to treatment, based on what [they] learned through actual treatment and from the plaintiff's records up to and including treatment." *Fielden*, 482 F.3d at 871. But by Kovatsenko's own admission, these experts were not his treating physicians—they were retained for their testimony. Instead of the detailed expert reports required under Rule 26(a)(2)(B), Kovatsenko

- 5 -

provided generic and substantively identical expert disclosures that provide KCTCS with no meaningful way to know the scope of the experts' testimony, no basis on which to challenge the experts' opinions, and no way to prepare for depositions. Permitting these experts in the absence of any foundation for their expert testimony would subject KCTCS to considerable surprise absent this Court's intervention.

KCTCS has limited ability to self-cure the surprise. Even if Kovatsenko is now permitted to file expert reports, KCTCS opted not to introduce any expert witnesses and its expert disclosure deadline has already passed. KCTCS's ability to cure any surprise by introducing its own experts depends on the Court reopening KCTCS's disclosure window. To accommodate Kovatsenko's omission and provide KCTCS with adequate time to respond, the Scheduling Order would need to be amended and a new date set for the start of trial.

The fourth *Howe* factor cuts both ways. The expert disclosure indicates that expert testimony will be used to "provide fact and opinion testimony regarding the impact of Plaintiff's diagnosis on his daily life" and "his experiences in educational settings, public perception, and the reasonable accommodations that could facilitate his success both in academics and daily life." [Record No. 27] The disclosure fails to indicate why an expert is needed to offer this testimony or how it will satisfy Rule 702 of the Federal Rules of Evidence. It is unclear from the disclosures how the experts' specialized knowledge would appropriately help resolve factual disputes regarding the "impact of Plaintiff's diagnosis" or "his experiences." But the Court recognizes that this uncertainty stems from the improper disclosures Kovatsenko has submitted. It also recognizes that courts should "seek to impose 'the least severe sanction necessary' and try to limit suppression of evidence 'to circumstances

in which it is necessary to serve remedial objectives.'" *United States v. Pittman*, 816 F.3d 419, 425 (6th Cir. 2016) (quoting *United States v. Maples*, 60 F.3d 244, 247–48 (6th Cir. 1995)).

The fifth and final factor favors KCTCS. Kovatsenko's omission of expert reports was intentional—allegedly predicated on the mistaken belief that Rule 26(a)(2)(B) was inapplicable to his proposed expert testimony. And ignorance of the Rules is not a legitimate excuse for violating the Rules. Regardless of whether this was a genuine misunderstanding or an attempt at "underhanded gamesmanship," the result is neither harmless nor justified.

### III.

Kovatsenko's proposed expert witnesses were retained for the purpose of providing expert testimony and were therefore required to tender expert reports, pursuant to Rule 26(a)(2)(B) and the Court's Scheduling Order. The substantively identical disclosures that Kovatsenko submitted for each of his five proposed expert witnesses leave considerable doubt as to the scope and relevance of their testimony under Rule 702. Furthermore, remedying Kovatsenko's intentional omission will require the Court to reopen past filing deadlines, delay all future deadlines, and postpone the start of trial. The exclusion of expert testimony pursuant to Rule 37(c)(1) is a harsh sanction but, in this case, it's also an appropriate one.

Accordingly, it is hereby **ORDERED** that the defendant's motion to exclude the plaintiff's experts [Record No. 29] is **GRANTED**.

Dated: November 1, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky